**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WILLIAM JOHN FROST,

Plaintiff,

vs.

EVERGREEN HELICOPTERS, INC., *et al.*,

Defendants.

CASE NO. 12-CV-1798-MMA(BLM)

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON**

[Doc. No. 4]

Defendants Evergreen Helicopters, Inc., Evergreen Helicopters of Alaska, Inc., Evergreen International Aviation, Inc., and Evergreen Aviation Ground Logistics Enterprises, Inc. (collectively "Evergreen" or "Defendants") move pursuant to 28 U.S.C. section 1404(a) for a transfer of venue to the United States District Court for the District of Oregon. Plaintiff opposes and Defendants filed a reply. The Court finds the motion suitable for determination on the papers submitted and without oral argument. S.D. Cal. Civ. L.R. 7.1.d.1. For the reasons stated below, the Court **GRANTS** Defendants' motion.

## I. BACKGROUND

Plaintiff William John Frost ("Plaintiff") is a resident of San Diego, California and resided here during all of the operative events in this matter. (Decl. of Pl. William John Frost in Supp. of

Pl.'s Opp'n to Mot. for Change of Venue ["Frost Decl."] ¶ 2.) Defendants provide global aviation services, including cargo transport services for United States military operations in Afghanistan, on a contract basis. (Decl. of Dan Klump in Supp. of Defs.' Mot. to Transfer Venue ["Klump Decl."] ¶ 4.) In September 2000, Plaintiff submitted an employment application to Evergreen at its headquarters in McMinnville, Oregon. (Klump Decl. ¶ 3, Ex. 1.) After receiving Plaintiff's application, Defendants directed Plaintiff to execute releases for a background check and for drug testing. (Frost Decl. ¶ 3; Klump Decl. ¶ 2.) The background check and drug testing were conducted in California. (Frost Decl. ¶ 3.) November 17, 2010, Plaintiff flew to McMinnville to interview for a position with Defendants. (Frost Decl. ¶ 3; Klump Decl. ¶ 2.) The two days that followed were the only time period during his employment with Defendants that Plaintiff was present in Oregon. (Frost Decl. ¶ 6; Klump Decl. ¶ 3, Ex. 1.) On November 22, 2010, Defendants offered Plaintiff employment for the position of Cargo Engineer in Afghanistan to support Defendants' Low Cost Low Altitude ("LCLA") contract with the United States Government. (Frost Decl. ¶ 4; Klump Decl. ¶¶ 2, 4, Ex. 2.) On November 23, 2010, Plaintiff signed and accepted the offer. (Frost. Decl. ¶ 4.)

In February 2011, Plaintiff was deployed to Bagram, Afghanistan as a LCLA team member. (Klump Decl. ¶ 4.) During his deployment, Plaintiff allegedly reported several safety compliance concerns to Defendants. (Notice of Removal ["NOR"], Ex. A, ¶¶ 21-27.) At the end of August 2011, Plaintiff's rotation ended and he returned to his home in San Diego. (Frost Decl. ¶ 9.) In September 2011, Defendants learned that the United States was not going to renew the LCLA contract. (*Id*. ¶ 12; Klump Decl. ¶ 5.) Subsequently, Defendants sent a letter to LCLA team members advising them of their intent to try to find new assignments for those affected by the nonrenewal. (Klump Decl ¶ 5.) In October 2011, Defendants terminated Plaintiff's employment contract. (Frost Decl. ¶ 13; Klump Decl. ¶ 6.) On June 20, 2012, Plaintiff filed this action against Defendants alleging breach of employment contract, wrongful termination in retaliation for reporting compliance issues, and intentional infliction of emotional distress. (NOR ¶ 1.) On July 20, 2012, Defendants removed the action to this Court.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer of venue, the moving party must establish "that venue is proper in the transferor district; that the transferee district is one where the action might have originally been brought; and that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009) (quoting *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992)).

Once venue is determined to be proper in both districts, courts use the following factors to evaluate whether a transfer of venue would be more convenient to the parties and witnesses and would promote the interests of justice: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Vu*, 602 F. Supp. 2d at 1155-56. In general, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.*; *Decker Coal Co. v. Commonw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

/ / /

/ / /

/ / /

## III. DISCUSSION

Defendants move to transfer this action the District of Oregon on the grounds that it would be more convenient for the witnesses and parties and in the interest of justice. (Defs.' Mot. to Transfer Venue 3:2-3.)

### A. The "Could Have Been Brought" Requirement

As a threshold matter, Defendants must establish that venue is proper in the Southern District of California and that this action could have been brought in the District of Oregon. *Vu*, 602 F. Supp. 2d at 1155-56. Defendants readily satisfy these requirements. First, venue is proper in the Southern District of California based on Defendants' removal of this action from state court. *Id*. at 1156. Further, there is no dispute that this case "might have been brought" in the District of Oregon. In September 2000, Plaintiff submitted an application to Evergreen at its headquarters in McMinnville, Oregon. (Klump Decl. ¶ 3.) On November 17, 2010, Plaintiff flew to McMinnville, Oregon to interview for a position with Defendants. (*Id*.) On November 22, 2010, Defendants offered Plaintiff employment, and Plaintiff accepted that offer on November 23, 2010. (*Id*. ¶ 4, Ex. 2.) After Defendants lost the LCLA contract with the United States Government, they sent a letter from McMinnville, Oregon–where all of the decisions at issue in Plaintiff's lawsuit were made–to Plaintiff and others who were assigned to the Afghanistan LCLA contract. (Klump Decl. ¶ 5.) Plaintiff bases his contract claims on that letter. (NOR, Ex. B, ¶¶ 33-36.) The operative facts in this case occurred only in Afghanistan or at Defendants' Oregon headquarters. Thus, there can be no reasonable dispute that this case "might have been brought" in the District of Oregon.

### B. The Convenience Requirement

Next, the Court must determine whether a transfer of venue would be more convenient to the parties and witnesses and would promote the interests of justice. *Vu*, 602 F. Supp. 2d at 1155-56. Specifically, whether Defendants have made "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id*.; *Decker Coal Co.*, 805 F.2d at 843.

/ / /

/ / /

**1. Convenience of the Parties and Witnesses**

In this employment action, the majority of fact witnesses who can speak to relevant issues here are current or former management-level employees of Evergreen. These issues include Evergreen's employment practices, the nature of the compliance issues raised by Plaintiff and Evergreen's response, and the decision-making with regard to reassignments of personnel following the loss of the LCLA contract. A majority of these witnesses–all of whom may likely be called at trial–live and work in Oregon or travel frequently to Evergreen's Oregon headquarters for meetings and training. (Klump Decl. ¶ 7.) As Defendants indicate, the following witnesses may have relevant information related to Plaintiff's contract claims, including Evergreen's employment policies, response to the loss of its LCLA contract in Afghanistan, and its plan for the reassignment of affected employees to other locations according to business needs:

- Rob Black, Deputy Director of Operations, Evergreen Helicopters, Inc.
- Rich Delushia, Bagram Site Manager, Evergreen Helicopters, Inc.
- Joshua Parkin, President, Evergreen Aviation Ground Logistics Enterprises, Inc.
- William Rowe, General Manager, Evergreen Helicopters of Alaska, Inc.
- Max Wiley, President, Evergreen Helicopters, Inc.
- Alex Woosley, Operations/Site Manager, Evergreen Helicopters, Inc.
- Dan Klump, Vice President of Human Resources, Evergreen International Aviation, Inc.

(Klump Decl. ¶ 7.)

Further, the following witnesses may have relevant information related to Plaintiff's wrongful termination and intentional infliction of emotional distress claims, including the nature and quality of Plaintiff's alleged reports about compliance issues, the facts surrounding those reports, and Evergreen's response to those reports:

- Ron Black, Deputy Director of Operations, Evergreen Helicopters, Inc.
- Lee Bowden, Director of Safety, Evergreen Helicopters, Inc.
- Jerry Campbell, Country Manager, Evergreen Helicopters, Inc.

- David Fulton, Director of Safety, Evergreen Helicopters of Alaska, Inc.
- Nigel Richardson, Chief Inspector, Evergreen Helicopters of Alaska, Inc.
- William Rowe, General Manager, Evergreen Helicopters of Alaska, Inc.
- Michael Wilson, Vice President and Director of Operations, Evergreen Helicopters, Inc.
- Alex Woolsey, Bagram Site Manager, Evergreen Helicopters, Inc.
- Christopher Carney, Assistant Chief Pilot, Evergreen Helicopters, Inc.
- Jeff Heitkamp, LCLA Program Manager, Evergreen Helicopters, Inc.

(Klump Decl. ¶¶ 8, 9). Nearly all of these witnesses reside in Oregon. Moreover, Defendants could choose to offer their testimony to establish that Plaintiff's employment was at-will, that part of his job responsibilities included noting compliance issues and reporting them, and that the decision not to reassign him to a new work location after the LCLA contract was not renewed was for legitimate business reasons.[1] Plaintiff's assertion that only three Evergreen witnesses live in Oregon is misleading. Eight witnesses–Ron Black, Alex Woolsey, Max Wiley, Mike Wilson, Lee Bowden, Nigel Richardson, Chris Carney, and Jeff Heitkamp–currently live or work for Evergreen in Oregon. (Klump Decl. ¶¶ 7-9.) Moreover, the four active employees who reside and work outside Oregon–Rich Delushia, David Fulton, Jerry Campbell, and Nigel Richardson–regularly travel there to handle executive, managerial, and supervisory duties at Evergreen's headquarters. (Klump Decl. ¶¶ 7-9.) Given the number of witnesses who reside in, or are based out of, Oregon, the Court finds that Oregon would be a significantly more convenient forum to litigate this action. The cost and time associated with the transportation and lodging of at least eleven witnesses in California for a matter that has little connection to this state would be unduly burdensome and would cause "unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616 (internal quotation marks and citations omitted).

---

[1] Official discovery has not yet started in this matter. Accordingly, Defendants' representations about their potential witnesses are based on ongoing investigation of Plaintiff's allegations. (Defs.' Mot. 7:20, n.2.) Defendants reserve all rights to identify their witnesses for trial as allowed by the Federal Rules of Civil Procedure and the appropriate court's pretrial scheduling orders.

**2. The Parties' Contacts Relating to Plaintiff's Employment-Based Claims**

As part of its analysis, the Court may also consider the location where the relevant agreements were negotiated and executed, the respective parties' contacts with the forum, and the contacts relating to the Plaintiff's claims in the chosen forum. *Jones*, 211 F.3d at 498-99; *Ventress v. Japan Airlines*, 486 F.3d 1111 (9th Cir. 2007) (affirming transfer from Central District of California to District of Hawaii where there was no significant connection between California and the facts alleged in the compliant).

Here, Plaintiff admits he reached out to Evergreen in Oregon seeking employment and that he traveled to Oregon to be hired. (Frost Decl. ¶¶ 3, 6; Pl.'s Opp'n 6:16-19.) There is no question that Plaintiff was an Evergreen employee, that Evergreen's operations are based in Oregon, and that Plaintiff did not perform work in California. Plaintiff does not and cannot contest that the relevant decisions about his employment were made in Oregon and that, while he was on rotation in Afghanistan, he regularly communicated with Evergreen's headquarters in Oregon about operational matters, compliance issues, and the loss of the LCLA contract–the core events at issue in this action. In addition, Defendants' lack of contact with the Southern District of California favors transfer. Although Plaintiff makes conclusory allegations that Defendants regularly conduct business in San Diego County ostensibly to establish the Court's jurisdiction (NOR, Ex. B, ¶¶ 2-5), none of those contacts have any relevance to Plaintiff's employment-related claims. The only connection that this case has to California is that Plaintiff resides here. Thus, the Court finds that these factors also favor transferring this action to the District of Oregon.

**3. Plaintiff's Original Choice of Forum**

Plaintiff is correct that his choice of forum is a relevant factor in a transfer of venue determination. (Pl.'s Opp'n 5:21-6:2.) However, Plaintiff's choice of forum alone is not controlling in this matter. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (finding that section 1404(a) accords broad discretion to district courts, and plaintiff's choice of forum is only one relevant factor for their consideration). A plaintiff's choice of forum may be disturbed when a moving defendant can show that the transferee venue is clearly more convenient than the

plaintiff's chosen venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) (en banc). Taking the relevant factors into consideration, the Court finds that Defendants have satisfied their burden of establishing a substantial inconvenience so as to upset Plaintiff's choice of forum. The convenience of witnesses–especially nonparty witnesses–strongly supports transferring this action to the District of Oregon. Further, the parties' substantial contact with Oregon, and lack of much contact with California, also weigh in favor of transfer. Although the parties make several additional arguments as to the convenience of this action in either forum (*see* Defs.' Mot. 8:22-26; Pl.'s Opp'n 8:1-15), these arguments do not weigh heavily in favor of or against transfer.

**IV. CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendants' motion to transfer venue. Accordingly, the Court transfers this case to the United States District Court for the District of Oregon.

**IT IS SO ORDERED.**

DATED: September 28, 2012

Hon. Michael M. Anello
United States District Judge